UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO JUSTO RAMOS CARRILLO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Respondent. | No. 2:25-cv-1927 CSK P<br><br><br>ORDER |

　　　　Petitioner, a county jail inmate, filed a document that is incomprehensible. The first page of his filing is styled, "Habeas Corpus File Petition," but petitioner then lists a number of unrelated people and things, including his "ex-wife spouse five children," "missing children," a 200 Chrysler 2016," and "a black Honda," booking: police brutality, martial law," "civil sue City Stockton, San Jose, Merced, CA." (ECF No. 1 at 1.) Petitioner later appends a page referencing a civil lawsuit "North America, Inc.," which lists a number of people, including "Pablo Escobar," "bird flu," and police royalty kidnapping assassination." (Id. at 5.) He asks for "in person visitation please." (Id. at 10.) On the last page, petitioner asks for help, again writing "martial law." (Id. at 12.)

　　　　Petitioner's filing is insufficient to constitute a habeas corpus petition. In order to commence a habeas action, petitioner must file a § 2254 petition. If petitioner intended to file a habeas corpus petition, he must file a petition for writ of habeas corpus as required by Rule 3 of

the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner's filing is disregarded.[1] Petitioner is provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's July 10, 2025 filing (ECF No. 1) is disregarded.

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; and the petition must bear the docket number assigned this case. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: July 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1; ramo1927.nopet

---

[1] Although petitioner references a civil suit, the Court declines to construe petitioner's filing as a civil rights action because petitioner is already pursuing two civil rights actions in this district court. See Ramos Carrillo v. Thornton-Denver Police Dep't, No. 2:25-cv-1900 CKD (E.D. Cal.); and Ramos Carrillo v. San Joaquin County Jail, No. 2:25-cv-1901 CSK (E.D. Cal.). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).