UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO JUSTO RAMOS CARRILLO,<br><br>Petitioner,<br><br>v.<br><br>SAN JOAQUIN COUNTY SHERIFF,<br><br>Respondent. | No. 2:25-cv-1927 CSK P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner fails to state any plausible ground for relief in the petition. (ECF No. 5.) Rather, petitioner lists various unrelated items: Royalty Court, Marshal Law, torture, Geneva Convention, retaliation, Bill of Rights, and Global Terrorist Risk.[1] (Id. at 4-5.)

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must clearly identify the date of his conviction, the nature of the offense for which he was convicted, set forth each claim for relief and summarize the facts he alleges support each of the identified claims.[2] Petitioner is cautioned that failure to file an amended petition will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[3]

---

[1] Although petitioner references civil rights, the Court declines to construe petitioner's filing as a civil rights action because petitioner is already pursuing two civil rights actions in this district court. See Ramos Carrillo v. Thornton-Denver Police Dep't, No. 2:25-cv-1900 CKD (E.D. Cal.); and Ramos Carrillo v. San Joaquin County Jail, No. 2:25-cv-1901 CSK (E.D. Cal.). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] Petitioner claims he was convicted on June 10, 2025 - July 23, 2025, and admits he did not appeal to the California Supreme Court. (ECF No. 5 at 1, 3.) Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

[3] By setting this deadline, the Court is making no finding or representation that the petition is not subject to dismissal as untimely.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; Petitioner is cautioned that failure to file an amended petition will result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: September 4, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/ramo1927.114