UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO JUSTO RAMOS CARRILLO,

Petitioner,

v.

SAN JOAQUIN COUNTY SHERIFF,

Respondent.

No. 2:25-cv-01927-DC-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 10)

Petitioner Lucio Justo Ramos Carrillo, proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2025, Petitioner filed a document styled "Habeas Corpus File Petition." (Doc. No. 1.) Five days later, the magistrate judge screened the initial filing and found that the document was insufficient to constitute a habeas corpus petition. (Doc. No. 3.) The magistrate judge disregarded Petitioner's July 10, 2025 document and provided Petitioner leave to file a habeas petition that complied with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice. (*Id*. at 2.)

On July 24, 2025, Petitioner  filed a petition for writ of habeas corpus. (Doc. No. 5.) On September 5, 2025, the magistrate judge issued an order dismissing the petition with leave to amend because he failed to state any plausible ground for relief in the petition. (Doc. No. 9.) The

1

magistrate judge provided Petitioner thirty (30) days from the date of the order to file an amended petition and advised Petitioner failure to file an amended petition will result in a recommendation that this action be dismissed. (*Id*. at 2.) Petitioner did not file an amended petition.

On October 21, 2025, the magistrate judge filed findings and recommendations recommending this action be dismissed without prejudice for failure to prosecute this case. (Doc. No. 10.) The findings and recommendations were served on Petitioner and contained notice to Petitioner that any objections to the findings and recommendations were to be filed within fourteen (14) days.[1] (*Id*. at 2.) Petitioner has not filed objections to the findings and recommendations, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the

---

[1] On November 3, 2025, the service copy of the findings and recommendations was returned to the court marked as "Undeliverable, Attempted-Not Known." (*See* Doc.) On December 2, 2025, the Court updated Petitioner's mailing address pursuant to a November 5, 2025 filing in *Ramos Carrillo v. Unknown*, No. 25-cv-02315-TLN-JDP. (*Id*.) The next day, the court re-served Petitioner the findings and recommendations by mail. (*Id*.)

2

court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations filed on October 21, 2025 (Doc. No. 10) are ADOPTED in full;

2.    This action is dismissed without prejudice;

3.    The court declines to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2026**

Dena Coggins
United States District Judge